## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FIRST NEW YORK SECURITIES L.L.C., T3 TRADING GROUP, LLC and AVATAR SECURITIES, LLC,<br><br>                      Plaintiffs,<br><br>      v.<br><br>NASDAQ OMX GROUP, INC. and THE NASDAQ STOCK MARKET LLC,<br><br>                     Defendants. | Case No. 12-cv-5630 |

[Additional Captions Appear Below]

### MEMORANDUM OF LAW IN SUPPORT OF THE INSTITUTIONAL INVESTOR GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

Vincent R. Cappucci, Esq.
Robert N. Cappucci, Esq.
Jordan A. Cortez, Esq.
Marc X. LoPresti, Esq. (Of Counsel)
ENTWISTLE & CAPPUCCI LLP
280 Park Avenue
26th Floor West
New York, New York 10017
Telephone: (212) 894-7200

*Attorneys for Plaintiffs*

| | |
|---|---|
| BRIAN ROFFE PROFIT SHARING PLAN, JACOB SALZMAN and DENNIS PALKON, Individually and On Behalf of All Others Similarly Situated,<br><br>             Plaintiffs,<br>     vs.<br><br>FACEBOOK, INC., MARK ZUCKERBERG, DAVID A. EBERSMAN, DAVID M. SPILLANE, MARC L. ANDREESSEN, ERSKINE B. BOWLES, JAMES W. BREYER, DONALD E. GRAHAM, REED HASTINGS, PETER A. THIEL, MORGAN STANLEY & CO. LLC, J.P. MORGAN SECURITIES LLC, GOLDMAN, SACHS & CO., MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED and BARCLAYS CAPITAL INC.,<br><br>             Defendants. | Electronically Filed<br><br>No. 1:12-cv-04081 (RWS)<br><br>ECF CASE |
| MAREN TWINING, Individually and On Behalf of All Others Similarly Situated,<br><br>             Plaintiff,<br>     vs.<br><br>FACEBOOK, INC., MARK ZUCKERBERG, SHERYL K. SANDBERG, DAVID A. EBERSMAN, MARC L. ANDREESSEN, ERSKINE B. BOWLES, JAMES W. BREYER, DONALD E. GRAHAM, REED HASTINGS, PETER A THIEL, MORGAN STANLEY & CO. INC., J.P. MORGAN SECURITIES LLC, GOLDMAN, SACHS & CO., MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., BARCLAYS CAPITAL INC., ALLEN & COMPANY LLC, CITIGROUP GLOBAL MARKETS INC., CREDIT SUISSE SECURITIES (USA) LLC, DEUTSCHE BANK SECURITIES INC., RBC CAPITAL MARKETS, LLC, WELLS | Electronically Filed<br><br>No. 1:12-cv-04099 (RWS)<br><br>ECF CASE |

FARGO SECURITIES, LLC, BLAYLOCK ROBERT VAN LLC, BMO CAPITAL MARKETS CORP., C.L. KING & ASSOCIATES, INC., CABRERA CAPITAL MARKETS, LLC, CASTLEOAK SECURITIES, L.P., COWEN AND COMPANY, LLC, E*TRADE SECURITIES LLC, ITAU BBA USA SECURITIES, INC., LAZARD CAPITAL MARKETS LLC, LEBENTHAL * CO., LLC, LOOP CAPITAL MARKETS LLC, M.R. BEAL & COMPANY, MACQUARIE CAPITAL (USA) INC., MURIEL SIEBERT & CO., INC., OPPENHEIMER & CO. INC., PACIFIC CREST SECURITIES LLC, PIPER JAFFRAY & CO., RAYMOND JAMES & ASSOCIATES, INC., SAMUEL A. RAMIREZ & COMPANY, INC., STIFEL, NICOLAUS & COMPANY, INC., THE WILLIAMS CAPITAL GROUP, L.P. and WILLIAM BLAIR & COMPANY, L.L.C.,

     Defendants.

---

GOLDRICH COUSINS P.C. 401(k) PROFIT SHARING PLAN & TRUST, Individually and On Behalf of All Others Similarly Situated,

     Plaintiffs,

  vs.

FACEBOOK, INC., MARK ZUCKERBERG, DAVID A. EBERSMAN, DAVID M. SPILLANE, MARC L. ANDREESSEN, ERSKINE B. BOWLES, JAMES W. BREYER, DONALD E. GRAHAM, REED HASTINGS, PETER THIEL, MORGAN STANLEY & CO. LLC, J.P. MORGAN SECURITIES LLC and GOLDMAN, SACHS & CO.,

     Defendants.

Electronically Filed

No. 1:12-cv-04131 (RWS)

ECF CASE

---

IRVING S. BRAUN, Individually and On Behalf of All Others Similarly Situated,

|  |  |
|---|---|
| Plaintiff, | Electronically Filed |
| vs. | No. 1:12-cv-04150 (RWS) |
| FACEBOOK, INC., MARK ZUCKERBERG, DAVID A. EBERSMAN, DAVID M. SPILLANE, MARC L. ANDREESSEN, ERSKINE B. BOWLES, JAMES W. BREYER, DONALD E. GRAHAM, REED HASTINGS, PETER A. THIEL, MORGAN STANLEY & CO. LLC, J.P. MORGAN SECURITIES LLC, GOLDMAN, SACHS & CO., MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, BARCLAYS CAPITAL INC., ALLEN & COMPANY LLC, CITIGROUP GLOBAL MARKETS INC., CREDIT SUISSE SECURITIES (USA) LLC, DEUTSCHE BANK SECURITIES INC., RBC CAPITAL MARKETS, LLC and WELLS FARGO SECURITIES, LLC, | ECF CASE |
| Defendants. |  |

|  |  |
|---|---|
| ALEXIS ALEXANDER, as custodian for Chloe Sophie Alexander and ROBERT HERPST, Individually and On Behalf of All Others Similarly Situated, |  |
|  | Electronically Filed |
| Plaintiffs, | No. 1:12-cv-04157 (RWS) |
| vs. | ECF CASE |
| FACEBOOK, INC., MARK ZUCKERBERG, DAVID A. EBERSMAN, DAVID M. SPILLANE, MARC L. ANDREESSEN, ERSKINE B. BOWLES, JAMES W. BREYER, DONALD E. GRAHAM, REED HASTINGS, PETER A. THIEL, MORGAN STANLEY & CO. LLC, J.P. MORGAN SECURITIES LLC, GOLDMAN, SACHS & CO., MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED and BARCLAYS CAPITAL INC., |  |
| Defendants. |  |

DOUGLAS M. LIGHTMAN, Individually and
On Behalf of All Others Similarly Situated,

                         Plaintiff,

    vs.

FACEBOOK, INC., MARK ZUCKERBERG,
SHERYL K. SANDBERG, DAVID A.
EBERSMAN, MARC L. ANDREESSEN,
ERSKINE B. BOWLES, JAMES W.
BREYER, DONALD E. GRAHAM, REED
HASTINGS, PETER A THIEL, MORGAN
STANLEY & CO. INC., J.P. MORGAN
SECURITIES LLC, GOLDMAN, SACHS &
CO., MERRILL LYNCH, PIERCE, FENNER
& SMITH, INC., BARCLAYS CAPITAL
INC., ALLEN & COMPANY LLC,
CITIGROUP GLOBAL MARKETS INC.,
CREDIT SUISSE SECURITIES (USA) LLC,
DEUTSCHE BANK SECURITIES INC., RBC
CAPITAL MARKETS, LLC, WELLS
FARGO SECURITIES, LLC, BLAYLOCK
ROBERT VAN LLC, BMO CAPITAL
MARKETS CORP., C.L. KING &
ASSOCIATES, INC., CABRERA CAPITAL
MARKETS, LLC, CASTLEOAK
SECURITIES, L.P., COWEN AND
COMPANY, LLC, E*TRADE SECURITIES
LLC, ITAU BBA USA SECURITIES, INC.,
LAZARD CAPITAL MARKETS LLC,
LEBENTHAL * CO., LLC, LOOP CAPITAL
MARKETS LLC, M.R. BEAL & COMPANY,
MACQUARIE CAPITAL (USA) INC.,
MURIEL SIEBERT & CO., INC.,
OPPENHEIMER & CO. INC., PACIFIC
CREST SECURITIES LLC, PIPER JAFFRAY
& CO., RAYMOND JAMES &
ASSOCIATES, INC., SAMUEL A.
RAMIREZ & COMPANY, INC., STIFEL,
NICOLAUS & COMPANY, INC., THE
WILLIAMS CAPITAL GROUP, L.P. and
WILLIAM BLAIR & COMPANY, L.L.C.,

                        Defendants.

Electronically Filed

No. 1:12-cv-04184 (RWS)

ECF CASE

KATHY REICHENBAUM, Individually and
On Behalf of All Others Similarly Situated,

                Plaintiff,

    vs.

FACEBOOK, INC., MARK ZUCKERBERG,
DAVID A. EBERSMAN, DAVID M.
SPILLANE, MORGAN STANLEY & CO.
LLC, J.P. MORGAN SECURITIES LLC and
GOLDMAN, SACHS & CO.,

                Defendants.

Electronically Filed

No. 1:12-cv-04194 (RWS)

ECF CASE

---

LAWRENCE CORNECK, Individually and
On Behalf of All Others Similarly Situated,

                Plaintiff,

    vs.

MORGAN STANLEY & CO. LLC, J.P.
MORGAN SECURITIES LLC and
GOLDMAN, SACHS & CO.,

                Defendants.

Electronically Filed

No. 1:12-cv-04215 (RWS)

ECF CASE

---

JUSTIN F. LAZARD, Individually and On
Behalf of All Others Similarly Situated,

                Plaintiff,

    vs.

FACEBOOK, INC., MARK ZUCKERBERG,
SHERYL K. SANDBERG, DAVID A.
EBERSMAN, MARC L. ANDREESSEN,
ERSKINE B. BOWLES, JAMES W.
BREYER, DONALD E. GRAHAM, REED
HASTINGS, PETER A THIEL, MORGAN
STANLEY & CO. INC., J.P. MORGAN
SECURITIES LLC, GOLDMAN, SACHS &
CO., MERRILL LYNCH, PIERCE, FENNER
& SMITH, INC., BARCLAYS CAPITAL

Electronically Filed

No. 1:12-cv-04252 (RWS)

ECF CASE

INC., ALLEN & COMPANY LLC,
CITIGROUP GLOBAL MARKETS INC.,
CREDIT SUISSE SECURITIES (USA) LLC,
DEUTSCHE BANK SECURITIES INC., RBC
CAPITAL MARKETS, LLC, WELLS
FARGO SECURITIES, LLC, BLAYLOCK
ROBERT VAN LLC, BMO CAPITAL
MARKETS CORP., C.L. KING &
ASSOCIATES, INC., CABRERA CAPITAL
MARKETS, LLC, CASTLEOAK
SECURITIES, L.P., COWEN AND
COMPANY, LLC, E*TRADE SECURITIES
LLC, ITAU BBA USA SECURITIES, INC.,
LAZARD CAPITAL MARKETS LLC,
LEBENTHAL * CO., LLC, LOOP CAPITAL
MARKETS LLC, M.R. BEAL & COMPANY,
MACQUARIE CAPITAL (USA) INC.,
MURIEL SIEBERT & CO., INC.,
OPPENHEIMER & CO. INC., PACIFIC
CREST SECURITIES LLC, PIPER JAFFRAY
& CO., RAYMOND JAMES &
ASSOCIATES, INC., SAMUEL A.
RAMIREZ & COMPANY, INC., STIFEL,
NICOLAUS & COMPANY, INC., THE
WILLIAMS CAPITAL GROUP, L.P. and
WILLIAM BLAIR & COMPANY, L.L.C.,

Defendants.

SYLVIA GREGORCZYK, Individually and
On Behalf of All Others Similarly Situated,

Plaintiff,

vs.

FACEBOOK, INC., MARK ZUCKERBERG,
DAVID A. EBERSMAN, DAVID M.
SPILLANE, MARC L. ANDREESSEN,
ERSKINE B. BOWLES, JAMES W.
BREYER, DONALD E. GRAHAM, REED
HASTINGS, PETER A THIEL, MORGAN
STANLEY & CO. INC., J.P. MORGAN
SECURITIES LLC, GOLDMAN, SACHS &
CO., MERRILL LYNCH, PIERCE, FENNER
& SMITH, INC., BARCLAYS CAPITAL

Electronically Filed

No. 1:12-cv-04291 (RWS)

ECF CASE

INC., ALLEN & COMPANY LLC,
CITIGROUP GLOBAL MARKETS INC.,
CREDIT SUISSE SECURITIES (USA) LLC,
DEUTSCHE BANK SECURITIES INC., RBC
CAPITAL MARKETS, LLC and WELLS
FARGO SECURITIES LLC,

              Defendants.

PETER BRINCKERHOFF, Individually and
On Behalf of All Others Similarly Situated,

              Plaintiff,

    vs.

FACEBOOK, INC., MARK ZUCKERBERG,
DAVID A. EBERSMAN, DAVID M.
SPILLANE, MARC L. ANDREESSEN,
ERSKINE B. BOWLES, JAMES W.
BREYER, DONALD E. GRAHAM, REED
HASTINGS, PETER A THIEL, MORGAN
STANLEY & CO. INC., J.P. MORGAN
SECURITIES LLC, GOLDMAN, SACHS &
CO., MERRILL LYNCH, PIERCE, FENNER
& SMITH, INC., BARCLAYS CAPITAL
INC., ALLEN & COMPANY LLC,
CITIGROUP GLOBAL MARKETS INC.,
CREDIT SUISSE SECURITIES (USA) LLC,
DEUTSCHE BANK SECURITIES INC., RBC
CAPITAL MARKETS, LLC, WELLS
FARGO SECURITIES LLC, BLAYLOCK
ROBERT VAN LLC, BMO CAPITAL
MARKETS CORP., C.L. KING &
ASSOCIATES, INC., CABRERA CAPITAL
MARKETS, LLC, CASTLEOAK
SECURITIES, L.P., COWEN AND
COMPANY, LLC, E*TRADE SECURITIES
LLC, ITAU BBA USA SECURITIES, INC.,
LAZARD CAPITAL MARKETS LLC,
LEBENTHAL * CO., LLC, LOOP CAPITAL
MARKETS LLC, M.R. BEAL & COMPANY,
MACQUARIE CAPITAL (USA) INC.,
MURIEL SIEBERT & CO., INC.,
OPPENHEIMER & CO. INC., PACIFIC
CREST SECURITIES LLC, PIPER JAFFRAY

Electronically Filed

No. 1:12-cv-04312 (RWS)

ECF CASE

& CO., RAYMOND JAMES &
ASSOCIATES, INC., SAMUEL A.
RAMIREZ & COMPANY, INC., STIFEL,
NICOLAUS & COMPANY, INC., THE
WILLIAMS CAPITAL GROUP, L.P. and
WILLIAM BLAIR & COMPANY, L.L.C.,

                Defendants.

---

DAVID GOLDBERG, KEVIN HYMS and
GARRETT GARRISON, Individually and On
Behalf of All Others Similarly Situated,

                Plaintiffs,

    vs.

FACEBOOK, INC., MARK ZUCKERBERG,
DAVID A. EBERSMAN, DAVID M.
SPILLANE, MARC L. ANDREESSEN,
ERSKINE B. BOWLES, JAMES W.
BREYER, DONALD E. GRAHAM, REED
HASTINGS, PETER A. THIEL, MORGAN
STANLEY & CO. INC., J.P. MORGAN
SECURITIES LLC, GOLDMAN, SACHS &
CO., MERRILL LYNCH, PIERCE, FENNER
& SMITH, INC., BARCLAYS CAPITAL
INC., ALLEN & COMPANY LLC,
CITIGROUP GLOBAL MARKETS INC.,
CREDIT SUISSE SECURITIES (USA) LLC,
DEUTSCHE BANK SECURITIES INC., RBC
CAPITAL MARKETS, LLC and WELLS
FARGO SECURITIES LLC,

                Defendants.

Electronically Filed

No. 1:12-cv-04332 (RWS)

ECF CASE

---

RICHARD P. EANNARINO, Individually and
On Behalf of All Others Similarly Situated,

                Plaintiff,

    vs.

FACEBOOK, INC., MARK ZUCKERBERG,
DAVID A. EBERSMAN, DAVID M.
SPILLANE, MARC L. ANDREESSEN,
ERSKINE B. BOWLES, JAMES W.

Electronically Filed

No. 1:12-cv-04360 (RWS)

ECF CASE

BREYER, DONALD E. GRAHAM, REED
HASTINGS, PETER A. THIEL, MORGAN
STANLEY & CO. INC., J.P. MORGAN
SECURITIES LLC, GOLDMAN, SACHS &
CO., MERRILL LYNCH, PIERCE, FENNER
& SMITH, INC. and BARCLAYS CAPITAL
INC.,

                    Defendants.

PETER MAMULA, Individually and On
Behalf of All Others Similarly Situated,

                    Plaintiff,            Electronically Filed

          vs.                            No. 1:12-cv-04362 (RWS)

FACEBOOK, INC., MARK ZUCKERBERG,         ECF CASE
DAVID A. EBERSMAN, DAVID M.
SPILLANE, MARC L. ANDREESSEN,
ERSKINE B. BOWLES, JAMES W.
BREYER, DONALD E. GRAHAM, REED
HASTINGS, PETER A. THIEL, MORGAN
STANLEY & CO. INC., J.P. MORGAN
SECURITIES LLC, GOLDMAN, SACHS &
CO., MERRILL LYNCH, PIERCE, FENNER
& SMITH, INC. and BARCLAYS CAPITAL
INC.,

                    Defendants.

ELLIOT LEITNER, Individually and On
Behalf of All Others Similarly Situated,

                    Plaintiff,            Electronically Filed

          vs.                            No. 1:12-cv-04551 (RWS)

FACEBOOK, INC., MARK ZUCKERBERG,         ECF CASE
DAVID A. EBERSMAN, DAVID M.
SPILLANE, MARC L. ANDREESEN,
ERSKINE B. BOWLES, JAMES W.
BREYER, DONALD E. GRAHAM, REED
HASTINGS and PETER A. THIEL,

                    Defendants.

HOWARD SAVITT, Individually and On
Behalf of All Others Similarly Situated,

                        Plaintiff,

     vs.

FACEBOOK, INC., MARK ZUCKERBERG,
DAVID A. EBERSMAN, DAVID M.
SPILLANE, MARC L. ANDREESSEN,
ERSKINE B. BOWLES, JAMES W.
BREYER, DONALD E. GRAHAM, REED
HASTINGS, PETER A THIEL, MORGAN
STANLEY & CO. INC., J.P. MORGAN
SECURITIES LLC, GOLDMAN, SACHS &
CO., MERRILL LYNCH, PIERCE, FENNER
& SMITH, INC., BARCLAYS CAPITAL
INC., ALLEN & COMPANY LLC,
CITIGROUP GLOBAL MARKETS INC.,
CREDIT SUISSE SECURITIES (USA) LLC,
DEUTSCHE BANK SECURITIES INC., RBC
CAPITAL MARKETS, LLC, WELLS
FARGO SECURITIES LLC, BLAYLOCK
ROBERT VAN LLC, BMO CAPITAL
MARKETS CORP., C.L. KING &
ASSOCIATES, INC., CABRERA CAPITAL
MARKETS, LLC, CASTLEOAK
SECURITIES, L.P., COWEN AND
COMPANY, LLC, E*TRADE SECURITIES
LLC, ITAU BBA USA SECURITIES, INC.,
LAZARD CAPITAL MARKETS LLC,
LEBENTHAL * CO., LLC, LOOP CAPITAL
MARKETS LLC, M.R. BEAL & COMPANY,
MACQUARIE CAPITAL (USA) INC.,
MURIEL SIEBERT & CO., INC.,
OPPENHEIMER & CO. INC., PACIFIC
CREST SECURITIES LLC, PIPER JAFFRAY
& CO., RAYMOND JAMES &
ASSOCIATES, INC., SAMUEL A.
RAMIREZ & COMPANY, INC., STIFEL,
NICOLAUS & COMPANY, INC., THE
WILLIAMS CAPITAL GROUP, L.P. and
WILLIAM BLAIR & COMPANY, L.L.C.,

                       Defendants.

Electronically Filed

No. 1:12-cv-04648 (RWS)

ECF CASE

EUGENE STRICKER, Individually and On
Behalf of All Others Similarly Situated,

               Plaintiff,

    vs.

MORGAN STANLEY & CO. LLC., J.P.
MORGAN SECURITIES LLC and
GOLDMAN, SACHS & CO.,

              Defendants.

Electronically Filed

No. 1:12-cv-04763 (RWS)

ECF CASE

STEVE SEXTON and KEITH WISE,
Individually and On Behalf of All Others
Similarly Situated,

              Plaintiffs,

    vs.

FACEBOOK, INC., MARK ZUCKERBERG,
DAVID A. EBERSMAN, DAVID M.
SPILLANE, MARC L. ANDREESSEN,
ERSKINE B. BOWLES, JAMES W.
BREYER, DONALD E. GRAHAM, REED
HASTINGS, PETER A. THIEL, MORGAN
STANLEY & CO. INC., J.P. MORGAN
SECURITIES LLC, GOLDMAN, SACHS &
CO., MERRILL LYNCH, PIERCE, FENNER
& SMITH, INC., BARCLAYS CAPITAL
INC., ALLEN & COMPANY LLC,
CITIGROUP GLOBAL MARKETS INC.,
CREDIT SUISSE SECURITIES (USA) LLC,
DEUTSCHE BANK SECURITIES INC., RBC
CAPITAL MARKETS, LLC and WELLS
FARGO SECURITIES LLC,

              Defendants.

Electronically Filed

No. 1:12-cv-04777 (RWS)

ECF CASE

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................. 1

FACTUAL BACKGROUND .................................................................................... 4

ARGUMENT ........................................................................................................... 5

    I.     THE MEMBERS OF THE INSTITUTIONAL INVESTOR GROUP
         SHOULD BE APPOINTED LEAD PLAINTIFFS FOR THE CLASS IN
         THE NASDAQ ACTION ................................................................................. 5

         A.     The PSLRA Standard For Appointing Lead Plaintiffs .............................. 5

         B.     The PSLRA Mandates That The Members Of The Institutional
              Investor Group Should Be Appointed Lead Plaintiffs In The
              NASDAQ Action ................................................................................. 6

              1.     The Institutional Investor Group Satisfies the PSLRA's
                    Procedural Requirements ............................................................... 6

              2.     The Institutional Investor Group Possesses the Largest
                    Financial Interest in the Relief Sought by the Class ...................... 7

              3.     The Institutional Investor Group Meets Rule 23's
                    Typicality and Adequacy Requirements ........................................ 8

               4.     The Members of the Institutional Investor Group Are Ideal
                    Lead Plaintiffs ........................................................................... 10

    II.    THE COURT SHOULD APPROVE THE INSTITUTIONAL INVESTOR
         GROUP'S SELECTION OF LEAD COUNSEL ............................................. 12

CONCLUSION ....................................................................................................... 13

# TABLE OF AUTHORITIES

**Cases**

*Bhojwani v. Pistiolis*,
  No. 06 Civ. 13761, 2007 WL 2197836 (S.D.N.Y. July 31, 2007) ...................................... 6, 10

*City of Monroe Emps. Ret. Sys. v. Hartford Fin. Svcs. Group Inc.*,
  269 F.R.D. 291, 293 (S.D.N.Y. 2010) ................................................................ 3

*Constance Sczesny Trust v. KPMG LLP*,
  223 F.R.D. 319 (S.D.N.Y. 2004) ...................................................................... 9

*Ferrari v. Impath, Inc.*,
  No. 03 Civ. 5667, 2004 WL 1637053 (S.D.N.Y. July 20, 2004) .................................... 8

*Glauser v. EVCI Career Colls. Holding Corp.*,
  236 F.R.D. 184 (S.D.N.Y. 2006) ...................................................................... 6

*In re BankAmerica Sec. Litig.*,
  No. 99-md-1264-CEJ (E.D. Mo. Oct. 18, 2002) .................................................. 12

*In re CMS Energy Sec. Litig.*,
  No. 02-Cv-72004 (E.D. Mich. Sept. 6, 2007) ..................................................... 12

*In re DaimlerChrysler AG Sec. Litig.*,
  No. 00-cv-00993-LPS (D. Del. Feb. 5, 2004) ..................................................... 12

*In re Dollar General Corp. Sec. Litig.*,
  No. 3:01-0388 (M.D. Tenn. May 24, 2002) ........................................................ 12

*In re Drexel Burnham Lambert Group, Inc.*,
  960 F.2d 285 (2d Cir. 1992), *cert. denied*, 506 U.S. 1088 (1993) .............................. 9

*In re Initial Pub. Offering Sec. Litig.*,
  214 F.R.D. 117 (S.D.N.Y. 2002) ...................................................................... 8

*In re Oxford Health Plans, Inc. Sec. Litig.*,
  182 F.R.D. 42 (S.D.N.Y. 1998) ...................................................................... 11

*In re Prudential Sec. Inc. Ltd. P'Ships Litig.*,
  163 F.R.D. 200 (S.D.N.Y. 1995) ...................................................................... 9

*In re Royal Ahold, N.V. Sec. & ERISA Litig.*,
  No. 03-md-01539-CCB (D. Md. June 26, 2006) ................................................. 12

*Metro Servs. Inc. v. Wiggins*,
  158 F.3d 162 (2d Cir. 1998) .......................................................................... 6

*Strougo v. Brantley Capital Corp.*,
  243 F.R.D. 100 (S.D.N.Y. 2007) ...................................................................... 8

*Vanamringe v. Royal Group Tech. Ltd.*,
  237 F.R.D. 55 (S.D.N.Y. 2006) ...................................................................... 10

*Weinberg v. Atlas Air Worldwide Holdings, Inc.*,
  216, F.R.D. 248 (S.D.N.Y. 2003) ................................................................. 8, 9

ii

**Statutes**

15 U.S.C. § 78j(b) ........................................................................................................ 1

15 U.S.C. § 78u-4(a)(1) ............................................................................................... 5

15 U.S.C. § 78u-4(a)(3)(A)(i) ................................................................................ 5, 6

15 U.S.C. § 78u-4(a)(3)(B) ................................................................................ 1, 5, 8

15 U.S.C. § 78u-4(a)(3)(B)(i) ..................................................................................... 5

15 U.S.C. § 78u-4(a)(3)(B)(iii) ............................................................................... 3, 6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ............................................................................... 6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) ........................................................................ 7

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) .............................................................................. 6

15 U.S.C. § 78u-4(a)(3)(B)(v) ............................................................................... 3, 12

**Other Authorities**

H.R. Conf. Rep. No. 104-369, at 34 (1995), reprinted in 1995 U.S.C.C.A.N. 730, 733 ............. 10

S. Rep. No. 104-98, at 11 (1995), reprinted in 1995 U.S.C.C.A.N. 679, 690 .............................. 10

**Rules**

17 C.F.R. § 240.10b-5 .................................................................................................. 2

Plaintiffs First New York Securities L.L.C., T3 Trading Group, LLC and Avatar (collectively, the "Institutional Investor Group" or "Plaintiffs"), on behalf of themselves and the Class defined herein, respectfully submit this memorandum of law pursuant to Section 21D(b)(3)(B) of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), in support of their Motion for the entry of an order: (1) appointing the members of the Institutional Investor Group as Lead Plaintiffs on behalf of themselves and all other persons and entities that purchased and/or sold on the open market the common stock of Facebook Inc. ("Facebook") on May 18, 2012, the first day of trading in connection with Facebook's initial public offering (the "IPO" or the "Offering") (the "Class Period"), and who suffered monetary losses as a result of Defendants' (defined below) reckless conduct as detailed herein (the "Class" or "Class Members"); and (2) approving the Institutional Investor Group's selection of the law firm of Entwistle & Cappucci LLP ("Entwistle & Cappucci") as Lead Counsel.

## PRELIMINARY STATEMENT

Before this Court are 18 putative securities class actions asserting federal securities claims under the Securities Act of 1933 against Facebook, certain underwriters that participated in the IPO and related individual defendants for purported material misstatements and omissions in Facebook's Registration Statement and Prospectus, filed with the U.S. Securities and Exchange Commission ("SEC") in connection with the Offering (the "Facebook Actions"). The Institutional Investor Group has brought a related, but separate, action arising out of the facts and circumstances surrounding Facebook's IPO against defendants NASDAQ OMX Group, Inc. ("NASDAQ OMX") and The NASDAQ Stock Market LLC ("NASDAQ LLC") (collectively "NASDAQ" or "Defendants") for violations of Sections 10(b) of the Securities and Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78j(b), and SEC Rule 10b-5, 17 C.F.R. § 240.10b-

5, promulgated thereunder (the "NASDAQ Action").[1]  As further detailed in the complaint

("Complaint") filed by the Institutional Investor Group in the above-captioned NASDAQ Action,

Plaintiffs' claims arise out of Defendants' failure to update and/or correct numerous statements

they issued concerning the purported capabilities of NASDAQ's technology and electronic

trading platform to accurately and reliably execute trade orders, which caused Plaintiffs and

other Class Members to execute open market transactions in Facebook common shares at

erroneous prices and thereby suffer enormous financial losses.  While the Facebook Actions and

the NASDAQ Action have distinct legal theories against separate defendants, both Actions

asserted federal securities claims that arise out of alleged wrongdoing in connection with

Facebook's IPO.  Accordingly, the Institutional Investor Group brings this instant motion

seeking to be appointed as Lead Plaintiffs for the NASDAQ Action under the time frame set

forth by the PSLRA triggered by the first related Facebook Action that was filed on May 23,

2012.

      Pursuant to the procedures and presumptions set forth by Congress when it enacted the

PSLRA, the Court is required to appoint a plaintiff or group of plaintiffs to lead the NASDAQ

Action ("Lead Plaintiffs").  The Court is to appoint as Lead Plaintiff or Lead Plaintiffs the

movant that demonstrates the "largest financial interest in the litigation" and that also meets the

typicality and adequacy prerequisites of Federal Rule of Civil Procedure 23.  *See* 15 U.S.C. §

---

[1] There are also 7 putative class actions pending in this Court against Defendants, all of which assert one cause of action for common law negligence.  These cases are as follows:  *Goldberg v. NASDAQ OMX Group, Inc., et al.* No. 12-cv-04054; *Yan v. Nasdaq Omx Group, Inc., et al.*, No. 12-cv-04200; *Alfonso v. The Nasdaq Stock Market LLC, et al.*, No. 12-cv-04201; *Levy v. The Nasdaq Stock Market LLC, et al.*, No. 12-cv-04315; *Amin v. the Nasdaq Stock Market LLC, et al.*, No. 12-cv-04403; *Steinman v. NASDAQ OMX Group, Inc., et al.* No. 12-cv-04600; and *Roderick v. NASDAQ OMX Group, Inc., et al.* No. 12-cv-04716.  Unlike in the instant case, the Court's determination of which parties should be appointed as lead plaintiff and lead counsel in those cases is not governed by the PSLRA.

78u-4(a)(3)(B)(iii); *see also City of Monroe Emps. Ret. Sys. v. Hartford Fin. Svcs. Group Inc.*, 269 F.R.D. 291, 293 (S.D.N.Y. 2010). Through these measures, Congress adopted a procedure that was designed to encourage the appointment of sophisticated institutional investors, such as the Institutional Investor Group, as Lead Plaintiffs to supervise and direct class actions brought under the federal securities laws like the NASDAQ Action.

As demonstrated herein, the Institutional Investor Group consists of precisely the type of investors that Congress envisioned leading a case of this nature. During the Class Period, Plaintiffs traded $316,898,488.06 in shares of Facebook's common stock on the open market the day of Facebook's IPO; accordingly, the Institutional Investor Group (to the best of counsels' knowledge) has the largest financial interest in the litigation of any movant in the NASDAQ Action. Moreover, the Institutional Investor Group is typical of the Class it seeks to represent in that its members possess the same claims and are more than able to protect adequately the interests of the Class. Like other Class Members, Plaintiffs in the Institutional Investor Group rely on the proper functioning of NASDAQ's technology and electronic trading platforms as a vital part of their investment decisions, and have a vested interest in addressing NASDAQ's wrongdoing as further detailed in the Complaint. In this regard, the Institutional Investor Group has extensive experience in the capital markets and its members collectively oversee hundreds of millions of dollars in assets. The members of the Institutional Investor Group seek to redress NASDAQ's wrongdoing that caused damages to all investors, large and small, in connection with Facebook's IPO. Indeed, it is hard to imagine a better choice to lead this case.

Lastly, if appointed Lead Plaintiffs, the Institutional Investor Group would be entitled to select Lead Counsel for the Class, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Institutional Investor Group has engaged the law firm of Entwistle &

3

Cappucci for this purpose.  As detailed below, Entwistle & Cappucci is highly experienced in litigating securities cases on behalf of investors in both class and direct actions.  Moreover, Entwistle & Cappucci has demonstrated its knowledge of the underlying facts in this matter through the detailed Complaint it prepared on behalf of Plaintiffs and other Class Members against the Defendants – the *only* action to assert a Section 10(b) claim for the wrongdoing alleged herein.

For the reasons summarized above and discussed more fully below, the Institutional Investor Group respectfully requests that its Motion be granted in its entirety.

## FACTUAL BACKGROUND

As alleged in the Institutional Investor Group's Complaint, NASDAQ made a series of material statements in its SEC filings touting the reliability, speed and capabilities of its technology and trading platforms.  However, Defendants failed to update and/or correct these statements when they knew and/or recklessly disregarded that NASDAQ's technology and trading platforms could not properly execute the record-setting trading volume in connection with Facebook's IPO.  Instead of disclosing to investors, including Class Members, that NASDAQ abandoned proper internal controls and testing procedures to guarantee that its systems could properly function during the Class Period, Defendants chose to capitalize on the largest IPO in the history of NASDAQ by remaining silent about NASDAQ's known technical and computer related problems that disrupted trading in Facebook common stock on May 18, 2012.

Specifically, although Defendants knew or recklessly disregard the fact that, in the weeks leading up to the IPO, NASDAQ's systems could not properly execute trading in Facebook's shares, Defendants failed to disclose any information to Class Members about these problems.  Further, Defendants neither updated nor corrected previous statements touting NASDAQ's

4

purportedly superior technology and the reliability and speed of its electronic trading platforms.

Defendants also permitted inaccurate pricing to be disseminated to the market, to the detriment

of Class Members.  As a result, Class Members submitted trade orders to NASDAQ based upon

inaccurate information and were unaware that NASDAQ's systems could not properly execute

these orders in Facebook common stock.  Due to Defendants' violations of Section 10(b) of the

Exchange Act and SEC Rule 10b-5 promulgated thereunder, Class Members have suffered

enormous losses.

## ARGUMENT

**I.     THE MEMBERS OF THE INSTITUTIONAL INVESTOR GROUP SHOULD BE
        APPOINTED LEAD PLAINTIFFS FOR THE CLASS IN THE NASDAQ ACTION**

### A.     The PSLRA Standard For Appointing Lead Plaintiffs

The PSLRA sets forth a procedure for selecting Lead Plaintiffs for "each private action

arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal

Rules of Civil Procedure."  15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B).  Specifically, Section

21D(a)(3)(A)(i) of the Exchange Act, as amended by the PSLRA, provides that:

> Not later than 20 days after the date on which the complaint is filed, the
> plaintiff or plaintiffs shall cause to be published, in a widely circulated
> national business-oriented publication or wire service, a notice advising
> members of the purported plaintiff class-
>
> (I)     of the pendency of the action, the claims asserted therein, and the
>         purported class period; and
>
> (II)    that, not later than 60 days after the date on which the notice is
>         published, any member of the purported class may move the court
>         to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Under 15 U.S.C. § 78u-4(a)(3)(B)(i), the Court is to consider any motion made by class

members and is to appoint as Lead Plaintiff the movant that the Court determines to be "*most*

*capable of adequately representing the interests of class members.*" *See id.* (emphasis added).

As part of the Court's adequacy determination, the PSLRA establishes a rebuttable presumption

that the "most adequate plaintiff" is the one that:

> (i)     has either filed the complaint or made a motion in response to the aforementioned notice;
>
> (ii)    in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (iii)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Metro Servs. Inc. v. Wiggins*, 158 F.3d 162, 164

(2d Cir. 1998); *Bhojwani v. Pistiolis*, No. 06 Civ. 13761, 2007 WL 2197836, at *15 (S.D.N.Y.

July 31, 2007).  Once the Court has identified the most adequate plaintiff, the presumption may

only be rebutted by proof from a class member that the "most adequate plaintiff" (1) will not

fairly and adequately protect the interests of the class or (2) is subject to unique defenses that

render such plaintiff incapable of adequately representing the class.  15 U.S.C. § 78u-

4(a)(3)(B)(iii)(II); *see also Glauser v. EVCI Career Colls. Holding Corp.*, 236 F.R.D. 184, 187

(S.D.N.Y. 2006).

> **B.     The PSLRA Mandates That The Members Of The Institutional Investor Group Should Be Appointed Lead Plaintiffs In The NASDAQ Action**

As discussed below, the members of the Institutional Investor Group are presumptively

the most adequate plaintiffs in the NASDAQ Action because they have cleared all of the

PSLRA's procedural hurdles, are believed to hold collectively the largest financial interest of any

movant, and satisfy Rule 23's typicality and adequacy requirements.

> **1.     The Institutional Investor Group Satisfies the PSLRA's Procedural Requirements**

The members of the Institutional Investor Group have filed this Motion to serve as Lead

Plaintiffs in the NASDAQ Action in a timely manner.  Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i),

the first plaintiffs to file a complaint in the Facebook Actions caused notice regarding the

pending nature of the case to be published in *Business Wire*, a national, business-oriented news

service, on May 23, 2012.  (*See Brian Roffe Profit Sharing Plan v. Facebook, Inc., et al.*, No.

1:12-cv-04081 (RWS); *see also* Exhibit A.)[2]  Thus, as permitted by the PSLRA, any person who

is a member of the proposed class may apply to be appointed as Lead Plaintiff by the Court

within 60 days after publication of the notice, *i.e.*, on or before July 23, 2012.  Because the

NASDAQ Action is related to the Facebook Actions and asserts claims on behalf of Class

Members that were injured in connection with Facebook's IPO, the Institutional Investor Group

has filed its Motion within the required time frame that was triggered under the PSLRA by the

filing of the above-referenced related Facebook Action.  In addition, pursuant to section

12D(a)(2) of the Exchange Act, the Institutional Investor Group's members have signed and

submitted their respective certifications identifying all of their transactions in Facebook common

stock during the Class Period, and detailing their suitability to serve as class representatives in

this case.  (*See* Exhibits B-D.)

>    **2.    The Institutional Investor Group Possesses the Largest Financial
>            Interest in the Relief Sought by the Class**

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate

plaintiff" for lead plaintiff purposes is the entity or entities with the largest financial interest in

the relief sought by the class, so long as the movant meets the requirements of Rule 23.  *See* 15

U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

Overall, the Institutional Investor Group traded $316,898,488.06 in shares of Facebook

common stock on the open market the day of the Offering.  Because of the sheer magnitude of

trades made in Facebook common stock by members of the Institutional Investor Group,

---

[2] All referenced Exhibits are attached to the Declaration of Vincent R. Cappucci, dated July 23, 2012, filed in support of this Motion.

Plaintiffs believe they have the largest financial interest attributable to Defendants' violations of Section 10(b) of the Exchange Act as detailed in the Complaint.  Plaintiffs and their counsel are presently unaware of any other movant with a larger financial interest in the outcome of this litigation.  Consequently, the Institutional Investor Group is entitled to the legal presumption that it is the most adequate plaintiff, given that it also satisfies Rule 23's typicality and adequacy requirements.

> **3.      The Institutional Investor Group Meets Rule 23's Typicality and Adequacy Requirements**

15 U.S.C. § 78u-4(a)(3)(B) requires that Lead Plaintiffs satisfy Rule 23 of the Federal Rules of Civil Procedure.  Rule 23(a) allows members of the Class to sue as representative parties on behalf of the Class, provided that:  (1) the Class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the Class; (3) the claims of the representative parties are typical of the claims of the Class; and (4) the representative parties will fairly and adequately protect the interests of the Class.

Only Rule 23's typicality and adequacy requirements are relevant when determining class representatives. *See, e.g.*, *Strougo v. Brantley Capital Corp.*, 243 F.R.D. 100, 105 (S.D.N.Y. 2007); *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003). As such, when ruling on a motion to serve as lead plaintiffs, the Court shall only inquire into the typicality and adequacy requirements of Rule 23, with the remaining issues to be addressed at the class certification stage. *Id.* at 252; *accord Ferrari v. Impath, Inc.*, No. 03 Civ. 5667, 2004 WL 1637053, at *4 (S.D.N.Y. July 20, 2004).

Typicality is demonstrated where the movant's claims "arise from the same conduct from which the other class members' claims and injuries arise." *In re Initial Pub. Offering Sec. Litig.*, 214 F.R.D. 117, 121 (S.D.N.Y. 2002); *see also In re Drexel Burnham Lambert Group, Inc.*, 960

F.2d 285, 291 (2d Cir. 1992), *cert. denied*, 506 U.S. 1088 (1993).  The movant's claims do not,

however, need to be identical to the other class members' claims.  *Weinberg*, 216 F.R.D. at 253;

*see also In re Prudential Sec. Inc. Ltd. P'ships Litig.*, 163 F.R.D. 200, 208 (S.D.N.Y. 1995)

("The typicality requirement of Rule 23(a)(3) is liberally construed; and 'typical' does not mean

'identical.' . . . The possibility of factual distinctions between claims of the named plaintiffs and

those of other class members does not destroy typicality, as similarity of legal theory may control

even in the face of differences of fact.").

      The Institutional Investor Group's claims are clearly typical of the Class's claims.

Plaintiffs:  (i)  purchased Facebook common stock during the Class Period; (ii) suffered damages

as a result of the Defendants' failure to update and/or correct material statements concerning

NASDAQ's purported reliability, speed and capability of its technology and trading platforms in

the weeks leading up to Facebook's IPO and during the Class Period, when Defendants knew

that its systems would likely be unable to properly facilitate the record-breaking IPO trading

volume in connection with Facebook's Offering; and (iii) possess claims against Defendants

under the federal securities laws.  Because the factual and legal bases of the Institutional Investor

Group's claims are similar to those of the Class's claims, the Institutional Investor Group

necessarily satisfies the typicality requirement.  *See id.*

      Adequacy is demonstrated where the movant (1) selects class counsel that is qualified,

experienced, and generally able to conduct the litigation; (2) does not have any interests that are

antagonistic to the Class; and (3) possesses sufficient interest to pursue vigorous prosecution of

the claims.  *See Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 324 (S.D.N.Y. 2004)

(citations omitted).

The Institutional Investor Group is more than adequate to represent the Class. Plaintiffs have selected and retained highly competent counsel to litigate the claims on behalf of itself and the Class. As explained below in Section II, Entwistle & Cappucci is highly regarded for its experience, knowledge and ability to conduct complex securities class action litigation, with the firm recovering billions of dollars for shareholders since the PSLRA was enacted. Moreover, the Institutional Investor Group's interests are directly aligned with – and by no means antagonistic to – the Class. As experienced fiduciaries, the Institutional Investor Group has every incentive to maximize the Class's recovery.

### 4.    The Members of the Institutional Investor Group Are Ideal Lead Plaintiffs

The Institutional Investor Group's members are exactly the kinds of institutional investors that Congress intended to take the lead in securities class actions. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), reprinted in 1995 U.S.C.C.A.N. 730, 733; S. Rep. No. 104-98, at 11 (1995), reprinted in 1995 U.S.C.C.A.N. 679, 690 (the encouragement of institutional investors to serve as Lead Plaintiff would "ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions."). Congress reasoned that institutional investors, which presumptively hold the largest financial stakes in securities class actions, are more adept in effectively leading complex securities lawsuits. *See id.*

To that end, courts in this Circuit and others have noted Congress's preference for appointing institutional investors, like the Institutional Investor Group, as Lead Plaintiffs in securities class actions. *See, e.g.*, *Bhojwani*, 2007 WL 2197836 at *6 (noting that institutional investors, with large holdings at stake, will have interests "most strongly aligned with those of the class members") (citations omitted); *Vanamringe v. Royal Group Tech. Ltd.*, 237 F.R.D. 55, 57 (S.D.N.Y. 2006) (noting that "Congress sought to encourage institutional investors . . . with

10

large amounts at stake to step forward as the ideal lead plaintiffs in private securities litigation")
(citations omitted); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 46 (S.D.N.Y.
1998) (recognizing that "Congress 'intended that the lead plaintiff provision will encourage
institutional investors to take a more active role in securities class action lawsuits'") (citations
omitted).

As detailed herein, the members of the Institutional Investor Group have extensive
experience in the capital markets, collectively overseeing hundreds of millions of dollars in
assets, and have the resources to properly lead the NASDAQ Action on behalf of the Class.
Plaintiffs rely on the proper functioning of NASDAQ's technology and electronic trading
platforms as a vital part of their investment decisions.  Accordingly, the Institutional Investor
Group has a vested interest in addressing NASDAQ's wrongdoing as further detailed in
Plaintiffs' Complaint, and its interests are strongly aligned with those of other Class Members.
Indeed, Plaintiffs are committed to seeking redress for NASDAQ's wrongdoing that has caused
damages to investors large and small in connection with Facebook's IPO.

As entities with a substantial financial stake in this litigation, members of the Institutional
Investor Group possess a strong incentive to pursue this case to obtain the best possible recovery
for the Class.  In fact, Plaintiffs have demonstrated their adequacy to date by devoting substantial
resources towards the pursuit of this litigation, including by directing their counsel to conduct an
extensive investigation into this matter and to file their detailed and comprehensive Complaint
along with their Lead Plaintiff application.  Simply put, members of the Institutional Investor
Group are the most adequate plaintiffs to oversee this litigation.

II.     **THE COURT SHOULD APPROVE THE INSTITUTIONAL INVESTOR GROUP'S SELECTION OF LEAD COUNSEL**

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), Lead Plaintiffs are entitled to select and retain Lead Counsel for the Class, subject to the Court's approval.  The Institutional Investor Group has selected Entwistle & Cappucci as Lead Counsel for the Class.  As reflected in its firm resume, Entwistle & Cappucci possesses extensive experience litigating securities class actions, having successfully prosecuted some of the largest and highest-profile securities class actions in history. (*See* Exhibit E.)  In fact, over the last few years, Entwistle & Cappucci has obtained literally billions of dollars in recoveries on behalf of defrauded public and private investors.  *See, e.g.*, *In re Royal Ahold, N.V. Sec. & ERISA Litig.*, No. 03-md-01539-CCB (D. Md. June 26, 2006) (Entwistle & Cappucci served as sole lead counsel and obtained a $1.1 billion recovery for the Class); *In re BankAmerica Sec. Litig.*, No. 99-md-1264-CEJ (E.D. Mo. Oct. 18, 2002) ($490 million recovery); *In re DaimlerChrysler AG Sec. Litig.*, No. 00-cv-00993-CPS (D. Del. Feb. 5, 2004) ($300 million recovery); *In re CMS Energy Sec. Litig.*, No. 02-cv-72004 (E.D. Mich. Sept. 6, 2007) ($200 million recovery for the Class); *In re Dollar General Corp. Sec. Litig.*, No. 3:01-0388 (M.D. Tenn. May 24, 2002) ($172 million recovery).

In the NASDAQ Action, Entwistle & Cappucci has devoted substantial time and resources working with the Institutional Investor Group in identifying and investigating the claims set forth in the Institutional Investor Group's Complaint, including substantial legal and factual research.  Indeed, counsel is unaware of any case that has been filed against Defendants arising out of Facebook's IPO that has asserted a Section 10(b) claim for the wrongdoing alleged herein.  Entwistle & Cappucci's work to date, coupled with their experience and significant knowledge of the federal securities laws, and their willingness to devote the necessary resources

12

to this litigation, makes them highly qualified to represent the Class as Lead Counsel in the NASDAQ Action.

Accordingly, the Court should approve the Institutional Investor Group's selection of Entwistle & Cappucci Lead Counsel.

## CONCLUSION

For the foregoing reasons, the Institutional Investor Group respectfully requests that the Court: (1) appoint the members of the Institutional Investor Group as Lead Plaintiffs for the NASDAQ Action; (2) approve the Institutional Investor Group's selection of Entwistle & Cappucci as Lead Counsel for the Class; and (3) grant such other relief as the Court may deem just and proper.

Dated:  July 23, 2012                             Respectfully submitted,


Vincent R. Cappucci, Esq.
Robert N. Cappucci, Esq.
Jordan A. Cortez, Esq.
Marc X. LoPresti, Esq. (Of Counsel)
**ENTWISTLE & CAPPUCCI LLP**
280 Park Avenue
26th Floor West
New York, New York 10017
Telephone:  (212) 894-7200
Facsimile:  (212) 894-7272

*Attorneys for Plaintiffs*

13