```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-12-16
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE FACEBOOK, INC., IPO SECURITIES AND DERIVATIVE LITIGATION | MDL No. 12-2389<br><br>ECF Case |
| This document relates to the Consolidated Nasdaq Actions | No. 12-cv-4054    No. 12-cv-4600<br>No. 12-cv-4200    No. 12-cv-4716<br>No. 12-cv-4201    No. 12-cv-5549<br>No. 12-cv-4315    No. 12-cv-5630<br>No. 12-cv-4403    No. 12-cv-6882 |

### [PROPOSED] STATEMENT OF PROCEEDINGS

On September 16, 2015, the Court held a Settlement Fairness Hearing ("Hearing") in the above-captioned Consolidated Nasdaq Actions (the "Nasdaq Action")[1] in which counsel for the Nasdaq Plaintiffs[2] and Nasdaq Defendants[3] in the Nasdaq Action, as well as counsel for the Facebook Plaintiffs[4] and the Intervenors-Facebook Defendants[5] in the related Facebook

---

[1] The "Nasdaq Action" consolidates *Goldberg v NASDAQ OMX Group, Inc*, No. 12-cv-4054; *Yan v. Nasdaq Stock Market LLC*, No. 12-cv-4201; *Levy v The Nasdaq Stock Market LLC*, No. 12-cv-4312; *Amin v The Nasdaq Stock Market LLC*, No. 12-cv-4403; *Steinman v NASDAQ OMX Group, Inc*, No. 12-cv-4600; *Roderick v NASDAQ OMX Group, Inc*, No. 12-cv-4716; *McGinty v. NASDAQ OMX Group, Inc*, No. 12-cv-5549; *First New York Securities L L C v NASDAQ OMX Group, Inc.*, No. 12-cv-5630; and *Eagan v NASDAQ OMX Group, Inc*, No. 12-cv-6882, and includes *Michael Zack v The NASDAQ Group, Inc and The NASDAQ Stock Market LLC*, No. 12-cv-6439-RWS.

[2] "Nasdaq Plaintiffs" include: T3 Trading Group, LLC, Avatar Securities, LLC, Philip Goldberg, Steve Jarvis, Atish Gandhi, Colin Suzman, Meredith Bailey and Faisal Sami.

[3] "Nasdaq Defendants" include: NASDAQ OMX Group, Inc., Nasdaq Stock Market, Inc., T3 Trading Group, LLC, The Nasdaq Stock Market L.L.C., Anna M. Ewing, and Robert Greifeld.

[4] "Facebook Plaintiffs" include: The North Carolina Department of State Treasurer on behalf of the North Carolina Retirement Systems, Arkansas Teacher Retirement System, Fresno County Employees' Retirement Association, Jose G. Galvan, Mary Jane Lule Galvan, Eric Rand, Paul and Lynn Melton, and Sharon Morley.

Securities action (the "Facebook Action"), presented arguments regarding the judgment reduction provisions in Paragraph 11 of the [Proposed] Order and Final Judgment. (*See* ECF No. 326.) No electronic recording or stenographic report of the Hearing was made. The following is a statement of the Hearing proceedings pursuant to Rule 10(c) of the Federal Rules of Appellate Procedure:

(1) Counsel for the Facebook Plaintiffs argued all of the points in their written objection to the terms of the proposed judgment. Among other things, counsel for the Facebook Plaintiffs argued that "common damages" was the applicable limit under controlling law for the *pro tanto* judgment reduction provision and provided the Court with a copy of a judgment entered by Judge Lynch in the *Refco* case which contained the "common damages" language. Counsel for the Facebook Plaintiffs argued that one option for the Court was to simply add the words "common damages" to subsection (b) of Paragraph 11 of the judgement and that it need not decide any other issues that had been briefed with respect to the *pro tanto* judgment reduction until a later time on a fuller record.

(2) Among other things, counsel for the Nasdaq Plaintiffs supported and urged entry of the [Proposed] Order and Final Judgment, including the proposed Paragraph 11, which they

---

[5] "Intervenors-Facebook Defendants" include: Facebook, Inc., Mark Zuckerberg, Sheryl K. Sandberg, David Ebersman, David M. Spillane, Marc L. Andreessen, Erskine B. Bowles, James W. Breyer, Donald E. Graham, Reed Hastings, and Peter A. Thiel. The Intervenors-Facebook Defendants were granted leave to intervene in the settlement approval proceedings in the NASDAQ Action. So were the Intervenors-Underwriter Defendants Morgan Stanley & Co. LLC; J.P. Morgan Securities LLC; Goldman, Sachs & Co.; Merrill Lynch, Pierce, Fenner & Smith Incorporated; Barclays Capital Inc.; Allen & Company LLC; Citigroup Global Markets Inc.; Credit Suisse Securities (USA) LLC; Deutsche Bank Securities Inc.; RBC Capital Markets LLC; Wells Fargo Securities, LLC; Blaylock Robert Van LLC; BMO Capital Markets Corp.; C.L. King & Associates, Inc.; Cabrera Capital Markets, LLC; CastleOak Securities, L.P.; Cowen and Company, LLC; E*TRADE Securities LLC; Itaú BBA USA Securities, Inc.; Lazard Capital Markets LLC; Lebenthal & Co., LLC; Loop Capital Markets LLC; M.R. Beal & Company; Macquarie Capital (USA) Inc.; Muriel Siebert & Co., Inc.; Oppenheimer & Co. Inc.; Pacific Crest Securities LLC; Piper Jaffray & Co.; Raymond James & Associates, Inc.; Samuel A. Ramirez & Company, Inc.; Stifel, Nicolaus & Company, Incorporated; The Williams Capital Group, L.P.; and William Blair & Company, LLC ("Intervenors-Underwriter Defendants").

submitted was fully compliant with existing precedent, particularly with respect to the proposed judgment reduction provisions.

(3) Among other things, counsel for the Nasdaq Defendants supported Paragraph 11 of the [Proposed] Order and Final Judgment and stated that they would go forward with the settlement if Paragraph 11 was amended to include the "for common damages" language and the resolution of the *pro tanto* issues was delayed.

(4) Among other things, counsel for the Intervenors-Facebook Defendants opposed changing Paragraph 11 and argued that the Court should not delay in deciding the *pro tanto* issues. Counsel for the Intervenors-Facebook Defendants argued that the Court should explicitly reject now, and not delay resolution of, the arguments offered by the Facebook Plaintiffs against the *pro tanto* common damages that had been fully briefed, were ripe for adjudication, were legal, and would not change thereafter. In particular, counsel for Intervenors-Facebook Defendants argued that the Court should reject Facebook Plaintiffs' argument that there are no common damages between the Facebook Action and the Nasdaq Action because the Plan of Allocation allocates settlement funds only to damages incurred May 18, 2012, as contrary to fact and controlling precedent.

This statement is approved.

New York, NY
~~December __, 2015~~
January 7, 2016

Robert W. Sweet
U.S.D.J.